**Jeet SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–1389–ag.

United States Court of Appeals, Second Circuit.

May 3, 2007.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Max Weintraub, Office of Immigration Litigation, United States Department of Justice, Washington, DC (David Kustoff, United States Attorney; Jimmy L. Croom, Assistant United States Attorney, United States Attorney's Office for the Western District of Tennessee, Jackson, TN, of counsel), for Respondent.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK,

Circuit Judges, Hon. RICHARD MILLS,* District Judge.

## SUMMARY ORDER

Petitioner Jeet Singh, a native and citizen of India, seeks review of a February 28, 2006 order of the Board of Immigration Appeals ("BIA") affirming the November 1, 2004 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jeet Singh*, No. A 72 375 364 (B.I.A. Feb. 28, 2006), *aff'g In re Jeet Singh*, No. A 72 375 364 (Immig. Ct. N.Y. City Nov. 1, 2004). We assume that the parties and counsel are familiar with the facts, the procedural history of this case, and the scope of the issues presented by this petition.

"Where, as here, the BIA agrees with the IJ's conclusion ... and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions...." *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the IJ's factual findings for substantial evidence and the agency's application of those findings to the law *de novo*. *See Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 307 (2d Cir.2003). Where the IJ or BIA errs, we will nevertheless deny the petition if "we can confidently predict the same result in the absence of errors." *Li Zu Guan v. I.N.S.*, 453 F.3d 129, 137 (2d Cir.2006).

Although the IJ expressly referred to the importance of making a credibility determination in issuing her oral decision in this case, she nevertheless failed to make explicit findings as to Singh's credibility in denying his application for asylum. We will therefore assume that the petitioner testified credibly for the purposes of this appeal.

With Singh's credibility assumed, we agree with the petitioner that the agency erred in several respects. Whether or not Singh wears a turban or a beard has no relevancy to his petition under the circumstances presented here, and we find the IJ's conclusion that Singh was arrested in order that the authorities could determine whether he was involved in extremist activity to be unsubstantiated speculation. *See Secaida–Rosales*, 331 F.3d at 307. Moreover, because we assume Singh's credibility, we cannot credit the negative inference drawn by the IJ regarding the delay in Singh's filing for asylum. Singh testified explicitly that he left India because he feared for his life.

Nevertheless, as the BIA emphasized in affirming, the IJ properly relied on Singh's failure to provide corroboration of his testimony in denying his application. Corroborating evidence must be provided where it is reasonable to expect it would be available; failure to provide either such evidence or a convincing "explanation ... as to why such information was not presented" "can lead to a finding that an applicant has failed to meet his burden of proof." *See Diallo v. I.N.S.*, 232 F.3d 279, 285 (2d Cir.2000) (internal quotation marks and citation omitted). This is so even where, as here, the petitioner's testimony is assumed to have been credible. *Id.* at 290. "[T]o turn down a refugee candidate for want of sufficient corroboration, the adjudicator must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at

---

* The Honorable Richard Mills, of the United States District Court for the Central District of Illinois, sitting by designation.

issue was reasonably available to the petitioner." *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003). We also "demand that immigration judges give refugee seekers an opportunity to address and, where possible, rectify perceived deficiencies in their testimony." *Ming Shi Xue v. BIA,* 439 F.3d 111, 122 (2d Cir.2006).

The IJ here complied with these requirements. At the close of testimony, she asked Singh explicitly whether his wife was aware of his arrests in India; confirmed that Singh testified that his wife was at home when he was arrested the first time; and asked him why his wife had not provided any testimony on his behalf. Singh responded only that he had not been told to bring her. Singh's attorney was given an opportunity to follow up, but he chose to remain silent. Neither the reasonableness of the IJ's corroboration request nor the availability of Singh's wife are at issue. We are therefore confident that, the errors by the IJ notwithstanding, the agency would reach the same result were we to remand.

Since Singh was unable to show the objective likelihood of persecution needed to make out an asylum claim, he necessarily did not meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Singh has failed to present any meaningful challenge to the denial of his CAT claim. Accordingly, the petitioner waived his CAT claim. *See Mirzoyan v. Gonzales,* 457 F.3d 217, 223–24 (2d Cir.2006).

For the foregoing reasons, the petition to review the decision of the BIA is hereby DENIED. The pending motion for a stay of deportation is DENIED as moot.